GREMILLION, Judge,
concurs in part and dissents in part.
hi concur in the majority’s reversal of the award of damages to Kirby Roy, III. In all other respects, I dissent.
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent or to prove that the written act was modified by a subsequent and valid oral agreement.
La.Civ.Code art. 1848. Thus:
[W]hen the terms of a written contract are susceptible to more than one inter *380 pretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parole evidence is admissible to clarify the ambiguity and to show the intention' of the parties.
McCarroll v. McCarroll, 96-2700, p. 12 (La.10/21/97), 701 So.2d 1280, 1286. “Whether or not the terms of a contract are ambiguous is a question of law, and appellate review of questions of law is simply to determine whether the trial court’s interpretive decision is legally correct.” Brafa v. Christ, 05-270, p. 5 (La. App. 3 Cir. 11/2/05), 915 So.2d 957, 961.
“Hunting rights” is of necessity a personal servitude under La.Civ.Code art. 534 and 639, et seq. Personal servitudes constitute a charge upon the thing for the benefit of a person. La.Civ.Code art. 534. The deed between Kirby Roy, Jr. and | ¡.Marjorie Roy and the Bordelons created a right in favor of the Roys to hunt on the eight tracts conveyed. In no way did the right it created inure to the benefit of another estate. The subsequent deeds perpetuated this reservation. This right was not created in favor of the Roys’ estate, but in favor of them personally. It created a personal servitude.
Louisiana law only recognizes three personal servitudes: usufruct, habitation, and right of use. La.Civ.Code art. 534. A right of use is defined as a “personal servitude that confers in favor of a person a specified use of an estate less than full enjoyment.” La.Civ.Code art. 639. A right of use is transferable, and does not terminate on the death of the person on whom it was conferred unless the contract or law provides that it does. La.Civ.Code arts. 643 and 644. Rights of use are governed by the rules applicable to usufruct and predial servitudes to the extent those rules are compatible with the rules governing rights of use. La.Civ.Code art. 645.
Another cardinal rule of interpretation is that a doubt “as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate.” This rule incorporates into Louisiana law the civilian principle that ownership is presumed to be free of burdens and that any doubt as to a burden must be resolved in favorem libertatis. The Louisiana Supreme Court has repeatedly declared that “ser-vitudes are restraints on the free disposal and use of property, and are not, on that account, entitled to be viewed with favor by the law.” It follows that “servi-tudes claimed under titles, are never sustained by implication — the title creating them must be express, as to their nature and extent, as well as to the estate which owes them, and the estate to which they are due.”
3 Louisiana Civil Law Treatise, Personal Servitudes § 8:6 (5th ed.)(emphasis added).
The Roys maintain that the evidence adduced was not intended to negate or vary the contents of the conveyance, but to illustrate the act’s intent. Mrs. Roy | ^testified that the intent was exactly to provide a place for her husband, his children, and grandchildren to hunt. Kirby Roy, III, confirmed this; indeed, during cross-examination, when he eschewed the use of the word “exclusive” to characterize the Roys’ right to hunt on the property. The Roys’ testimonies establish that the right was personal and limited. The Roys knew that Appellants were leasing the land for hunting and voiced no objection, because they understood the hunting rights were limited to the descendants of Kirby Roy, Jr. and Marjorie Roy. And because we are required to interpret such divisions of ownership in favor of the ser-vient estate, I find that this right is not exclusive to the Roys and does not even extend to invitees. It, further, does not *381 prohibit the Appellants from leasing hunting rights to others, subject to the Roys’ rights to hunt. Accordingly, I would reverse the trial court’s award of $12,000.00 to Marjorie Roy and against the Appellants. I would also reverse that portion of the judgment allowing the Roys’ invitees to hunt on the property. I would maintain the injunction in favor of the Roys only to the extent that it prevents interference with their right to hunt on the property.
The trial court also awarded Kirby Roy, III, $6,500.00 against Appellant Wayne Gremillion for false arrest. False arrest is synonymous with “false imprisonment.” Parker v. Town of Woodworth, 11-1275 (La.App. 3 Cir. 3/7/12), 86 So.3d 141. The tort requires proof of two elements: a person’s detention and the unlawfulness of the detention. Id. Because of a dispute with Mr. Gremillion, Mr. Roy was served with a criminal summons. He presented the agreement recognizing the Roys’ hunting rights to the sheriffs office, and the district attorney dismissed any charges before Mr. Roy was even scheduled to appear before a grand jury. Mr. Roy was never detained. He failed to carry his burden of proof. I therefore concur in reversing this award.